### Yonts v. Adams.

(Decided December 2, 1919.)

Appeal from Letcher Circuit Court.

Deeds—Property Conveyed—Construction—Finding of Chancellor. —In an action to quiet title, defendant's deed construed and the chancellor's construction of the property conveyed held to be correct.

CLEON K. CALVERT and DAVID HAYS for appellant.

EDWARD C. O'REAR, J. C. JONES and F. W. FIELDS for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

This appeal involves the ownership of a small tract of land in Letcher county.

Appellant, Joseph Yonts, claims title under deed from E. T. Webb and wife dated March 24, 1910, while appellee, S. E. Adams, claims title under a subsequent deed from the same parties. That being true, the question of title depends on whether the land in controversy was included in appellant's deed, which contains the following description of the land conveyed:

"Beginning on a dogwood near the fence and lane that was between Ned Webb and Joe Webb on the left hand side of Bottom fork, going down; thence with what is now Ned Webb's fence to top of ridge; thence a straight line to the back line of a survey made in the name of E. T. Webb; thence with the meanders of lines and marked corners of said survey back to the beginning so as to include twenty acres, more or less, include survey."

The following map illustrates the issue:

It is conceded by the parties that the tract of land east of the line 3-9 passed by the deed, but insisted by appellant that not only that tract, but also the tract west of that line, which two tracts are covered by the survey of 1872, passed by the deed. It will be observed that the dogwood, which is the beginning corner of the tract conveyed to appellant, is not on any line of the survey of 1872. Therefore, in case of either construction it is necessary to leave the lines of that survey in order to reach the point of beginning. Had the grantor intended to convey all the land embraced by the survey, the natural thing would have been to say so, or to follow the description contained in the survey, without other words of qualification. While it is true that the words, "include survey," are at the end of the description, these words must be interpreted in the light of the fact that the beginning corner was not on the survey, and of the further fact that the tract conveyed was to include only twenty acres, more or less. It appears that there are twenty-one acres east of the line 3-9, and thirty-two acres west of that line.

Should we adopt appellant's construction he would take under the deed fifty-three acres instead of about twenty acres as intended by the grantor. Furthermore, instead of returning to the beginning corner from the point "9" on the map along the fence which divides the two tracts, we would have to pass around the entire western part of the survey until we reached the point "3," and then return to the beginning, thus retracing the first lines of the description and leaving the beginning point inside of the boundary instead of making it the natural end of the boundary. In our opinion this construction cannot be sustained. The description does not require us to follow all the meanders of lines and marked corners of the survey back to the beginning, but to go with them "so as to include twenty acres more or less, include survey." Hence, the more natural and reasonable construction is to leave the survey at the point "9" and return to the beginning corner along the natural division line, thus making the dogwood not only the beginning corner, but the last corner of the land surveyed. In this way we give full effect to the words, "so as to include twenty acres, more or less," and construe the words, "include survey," not as embracing the entire survey, but that portion of the survey included within the boundary beginning and ending at the dogwood, and including twenty acres, more or less. Since this is the construction adopted by the chancellor, it follows that the judgment below is correct.

Judgment affirmed.